UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THOMAS STEPHAN and
CRAIG NICKERSON,

                    Plaintiffs,

v.                                                    Case No. 08-12136
                                                      Honorable Julian Abele Cook, Jr.

MICHIGAN MICROTECH, INC., et al.,

                    Defendants.


<u>ORDER</u>

In this case, the Plaintiffs, Thomas Stephan, Craig Nickerson, and a putative class of technicians, contend that the Defendants, Michigan Microtech, Inc., DirecTV, Inc., and Directech Holding Company, Inc., unlawfully failed, refused and/or neglected to pay overtime wages to them for those period of weeks in which they worked in excess of forty hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

On January 23, 2009, the Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c),[1] which has been opposed by the Plaintiffs. On March 24th, the parties filed a stipulation which reflected their collective desire to stay the prosecution of this case so that they

---

[1] Fed. R. Civ. P. 56(c) states that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

could engage in settlement discussions with the aid of a mediator. However, on July 29, 2009, the Court received a letter from the Plaintiffs' counsel who asserted that the parties were unable to reach a settlement of their dispute. Upon its receipt of this information, the Court returned the case to its active trial docket. Shortly thereafter, the Defendants filed a reply brief in support of their summary judgment motion.

In their response to the Defendants' request for dispositive relief, the Plaintiffs state that they need additional discovery in order to properly defend their position. In making this argument, the Plaintiffs proffered, through the declaration of their attorney, that they not had an opportunity to depose any of the Defendants' witnesses or undertaken any depositions under Fed. R. Civ. P. 30(b)(6).[2] The Defendants disagree, submitting that (1) discovery is not necessary to resolve their motion and (2) the relevant issues can be ruled upon as a matter of law.

The Federal Rules of Civil Procedure provide the following:

If a party opposing [a] motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3) issue any other just order.

Fed. R. Civ. P. 56(f). Furthermore, "[i]t is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment."

_____

[2] Fed. R. Civ. P. 30(b)(6) states, in part: "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."

*Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). The Sixth Circuit Court of Appeals has determined that a party, who files an affidavit pursuant to Rule 56(f), must also "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

In the instant case, the Court believes that the Plaintiffs have met their burden of establishing that they require additional discovery in order to defend against the Defendants' currently pending dispositive motion. Aside from complying with the procedural prerequisite of filing an affidavit, the Plaintiffs have also persuaded the Court that the information which they seek to obtain through discovery would be pertinent to the issues within the Defendants' currently pending motion for summary judgment.

As a consequence, the Defendants' motion for summary judgment must be denied without prejudice at this stage in the litigation. However, they may resubmit a summary judgment motion if it is filed within the dispositive motion cut-off date, as noted below.

Henceforth, the schedule in this case will be as follows:

- <u>Submission of Witness List</u>                  December 28, 2009

- <u>Discovery Deadline</u>                               January 4, 2010

- <u>Dispositive Motion Filing Deadline</u>       January 25, 2010

- <u>Filing of Joint Proposed Pretrial Order</u>  April 19, 2010

- <u>Motions in Limine Filing Deadline</u>         April 19, 2010

- <u>Pretrial Conference</u>                                April 26, 2010 at 1:30 p.m.

- <u>Jury Trial</u>                                               May 5, 2010 at 8:30 a.m.

3

IT IS SO ORDERED.


Dated: <u>September 22, 2009</u>                          <u>S/Julian Abele Cook, Jr.</u>
      Detroit, Michigan                          JULIAN ABELE COOK, JR.
                                          United States District Court Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 22, 2009.


                                      <u>s/ Kay Doaks</u>
                                      Case Manager